PROVOSTY, J.
Two certain lots of ground situated in the city of New Orleans, belonging to the minors, May Olarke and Kate Clarke, were ordered by the court in which the matter of the tutorship of said minors is pending to be sold at public auction. The sale was ordered to be made on the following terms: One-third cash and balance in one and two years; purchaser to furnish notes bearing 8 per cent, interest from date of sale, to be secured by mortgage on the property sold and act of sale to be passed before Alvin E. Hebert, notary public.
On the 11th of June, 1907, after due advertisement, the property was adjudicated on the terms just stated to Elias Pailet, at the price of $4,790.
The purchaser made the usual deposit of 10 per cent, of the purchase price, which the advertisement had announced he would have to make, and took time to examine the title before consummating the sale by the execution of an act of sale and payment of the price.
The Yazoo & Mississippi Valley Railroad Company, the plaintiff in this suit, had filed the present suit for the expropriation of said property, on the day before this adjudication, and in offering the property at the auction the auctioneer had duly announced to the bidders at the sale that the sale was being made subject to said suit.
A month thereafter, on the 8th of July, the said purchaser, Elias Pailet, filed an intervention in the suit. He alleged that he was the owner of the property sought to be expropriated, having purchased same at the auction; and, after having by said allegation set forth his interest in the suit, he proceeded to plead a number of defenses to the suit.
Two days after this intervention had been filed — that is to say, on the 10th of July — the tutor of the minors, defendants in the suit, filed exceptions to the expropriation suit.
On the 10th of July, on the same day on which the minors filed their exceptions, the plaintiff filed an exception to the intervention. The grounds of the exception are: First, no cause of action; second, the petition of intervention changes the issues of the suit.
On the day after their filing, the said exceptions were tried and overruled, namely, the exceptions of plaintiff to the intervention, and the exception of defendants to the suit of plaintiff.
The case was taken up for trial on the merits on the same day before a jury, of freeholders, and the trial.was concluded on the next day.
When the counsel of defendants undertook to cross-examine plaintiff’s witnesses, plaintiff’s counsel objected to his doing so, on the ground that the property had been sold to the intervener and the defendants were without pecuniary interest in the suit. This objection was overruled; the court stating that the minors had been impleaded by plaintiff and were therefore entitled to be heard.
Later in the course of the production of plaintiff’s evidence the counsel for the defendants stated to the court that the inter-vener had been called on to complete the sale and had failed to do so, and that he ought to be forced to comply with the ad *1047 judication before the suit went any further. The court ruled that the defendants and the intervener would have to decide that question for themselves; that the court could not undertake to pass upon it just then in the form in which it was presented.
The court then proceeded with the hearing of testimony for the rest of the day.
At the resumption of the trial on the next day, the 11th, counsel for defendants stated that a tender of title had been made to the intervener, which the intervener had refused. Counsel for intervener answered that the statement made by counsel for defendants was not evidence, and that, if counsel for defendants desired to make it appear to the court that such a tender had been made, he should do so by legal evidence. Counsel for defendants then declared that he was the notary representing the tutor of defendants, and that in that capacity he now made a tender of the title to the intervener. Counsel for intervener then objected on several grounds to the title tendered him, and without anything further being said or done the hearing of plaintiff’s evidence was proceeded with.
Later in the course of the trial counsel for defendants stated that he had cured the defects complained of by counsel for intervener in the title tendered to intervener and that he again made a tender of the title. Counsel for intervener answered that by the certificate of mortgages accompanying the titles tendered there appeared to be a judicial mortgage for $430 on the property. Counsel for defendants replied that an affidavit attached to the certificate of mortgages showed that the said mortgage did not in fact exist; the Thomas Clark against whom the $430 judgment was recorded not being the Thomas Clark from whom the defendants had derived the property in question. But counsel for in-tervener insisted that the condition of the title should be made to appear by the certificate of the proper officer, and not by ex parte affidavit. . He added, however, that in-tervener was willing to take the title if the notes required to be executed were duly drawn up and tendered for his signature, and if he was given an opportunity' to procure the money with which to make the cash payment. Counsel for defendants then offered to accept the check of the intervener, and there the matter rested.
Later in the trial the defendants’ counsel tendered the notes to intervener’s counsel for the intervener to sign them; and counsel for intervener said that he was not prepared to say that intervener would either accept or reject the title, for the reason that inter-vener’s attorney had not yet reported on the validity Vel non of the title, and that he renewed the objection already made that an opportunity should be allowed intervener to get his funds together to pay for the property.
Thereupon plaintiff renewed the exception of no cause of action to the intervention, and the court again overruled it.
The hearing of plaintiff’s evidence was then proceeded -with to the end. The inter-vener then called a witness to the stand, when the plaintiff objected to the intervener’s being permitted to offer any evidence, on the ground that, the title to the property having been tendered to intervener and refused, he was without interest in the suit; and the court sustained the objection. Inter-vener then offered to accept the title and to sign the act of sale and the notes and give a check for the cash portion of the price; but it was ruled that his offer came too late.
The court then charged the jury, and after deliberation the jury returned a verdict in favor of the expropriation and fixing the value of the property at $4,790, the amount at which it had been sold at the auction sale. On the same day, July 11th, the court signed a judgment accordingly.
*1049 Four days thereafter, on July 15th, the in-tervener moved for a new trial, assigning various grounds; and on the same day the motion was tried and overruled.
On the next day, July 16th, defendants filed an answer to the intervention, alleging that the intervener, though called upon to complete the sale and pay the purchase price, had failed and refused to do so, and was therefore without interest in the cause ■“until said adjudication is completed,” and praying that the intervention he dismissed.
On the next day, July 17th, defendants filed a general denial to the suit of plaintiff.
The present appeal is by the intervener.
It cannot be, and is not, denied that the offect of the adjudication was to make in-tervener owner of the property and debtor for the price (Code Prac. art. 390; Civ. Code, art. 2623; Interdiction of Onorato, 46 La. Ann. 78, 14 South. 299); and it cannot be, and is not, denied that, if he eventually consummated the sale by acceptance of title and payment of -price, he, and he alone, would have had an interest in defending the suit. It is only in the contingency of his not eventually consummating the sale that his interest to defend the suit is challenged; and, ■even then, only in the contingency of his not doing so through his own fault, and not through the fault of defendants in not tendering a good and clear title.
The difference between the defendants and intervener concerning the title tendered and the manner of the tender was very properly held by the trial judge in his first ruling not to be determinable in this suit, especially in the absence of pleadings; and we will .add that it can still less be determined on this appeal, in the absence, not only of pleadings, but also of evidence.
Until intervener is finally liberated from the obligation to take the property and pay the price, he will continue to have an interest in defending the expropriation suit; and no one pretends to say that he has been, or ever will be, thus liberated.
Even if intervener eventually defaulted entirely on his obligations as adjudicatee, still he would have an interest to be heard in the expropriation suit for the purpose of háving the value of the property fixed at an amount equal to the price of the adjudication, in order that he might not have to pay to the defendants by way of damages the difference between the price of the adjudication and the price of the expropriation, in case the latter proved to be less than the former.
Intervener is for the time being the conditional owner of the property, and as such has an interest in protecting it from expropriation, and also in having full value fixed upon it in case of expropriation.
Judgment set aside. Plaintiff and defendants to pay costs of appeal and of trial below, in the proportion of one-half to plaintiff and one-half to defendants. Other costs to await final judgment.